IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| VINCENT FLORES | § |
| | § |
| V. | §   1:-20-cv-0709-RP |
| | § |
| UNITED STATES OF AMERICA | § |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court is Vincent Flores' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. (Dkt. No. 1). The District Court referred the above-case to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Court Rules.

### I.   GENERAL BACKGROUND

On October 10, 2012, Petitioner Vincent Flores pled guilty to Count One of a Superseding Indictment, charging conspiracy to possess with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1)(A), 841(b)(1)(A) and 846. On January 10, 2013, he was sentenced to a 188-month term of imprisonment. Flores appealed his sentence, and the Fifth Circuit dismissed the appeal on August 23, 2013. On December 11, 2013, the U. S. Supreme Court denied Movant's petition for a writ of certiorari. On December 5, 2014, Lopez filed a motion to vacate the sentence under 28 U.S.C. § 2255, asserting ineffective assistance of trial counsel. On April 1, 2015, the District Court entered an Order reducing Flores' sentence to 151 months. The Order was entered under 18 U.S.C. § 3582(c)(2) as a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u). On April 6, 2016, the District Court

denied Flores' § 2255 petition. On December 4, 2019, Flores filed a motion that the Court construed as a second § 2255 petition. On February 12, 2020, the Court transferred that petition to the Fifth Circuit. On March 27, 2020, the Fifth Circuit denied Flores' motion to file a successive § 2255 petition.

On June 29, 2020, Flores filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Midland Division of this Court.  The motion was transferred to this division because Flores is currently incarcerated in FCI Bastrop, and it is located in this division.

## II. ANALYSIS

In his § 2241 Petition, Flores argues that his sentence was entered in error because his two prior state convictions should not have resulted in a two-point enhancement to his sentence. This is an attack on his sentence, based on an alleged error that occurred at or prior to his sentencing, and the claim is therefore not within the scope of a § 2241 petition. "28 U.S.C. § 2255, not § 2241, is the proper means of attacking errors that occurred during or before sentencing." *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). In contrast, § 2241 allows a prisoner to attack the manner in which a sentence is carried out or the prison authorities' determination of its duration. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Id.* at 452. Because Flores has already filed two previous § 2255 motions, his § 2241 petition should be dismissed.

The only exception to this result would be if Flores' claims fall within the so-called "savings clause" of § 2255.  A petitioner seeking relief under the § 2255 savings clause must demonstrate three things: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would

have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). "[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law." *Id.* at 903. The petitioner bears the burden of demonstrating that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Pack*, 218 F.3d at 452.

Flores has failed to demonstrate that § 2255 provides him with an inadequate or ineffective remedy because he has not established that his claims are based on a retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense. Accordingly, Flores has not shown that he is entitled to proceed under § 2241 based on the savings clause of § 2255(e). Based upon the foregoing, this case should be dismissed.

### III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DISMISS** Vincent Flores' Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) for lack of jurisdiction.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except

upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 17th of August, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE